### CHARLES KELLEY v. THE STATE.
*No. 229. Decided February 17.*

**1. Adultery—Fornication.**—On a trial under an indictment for adultery, if the carnal intercourse proved by the evidence would be sufficient to establish adultery in connection with a further proof of marriage, it would also be amply sufficient to prove and sustain a conviction for fornication where a marriage is not proved.

**2. Same.**—A party may be convicted of fornication under an indictment for adultery, though he could not be convicted of adultery on an indictment for fornication, because marriage is not an element of the latter, while it is essential to the former offense.

**3. Same—Charge—Harmless Error.**—On a trial for adultery, where the evidence establishes adultery, it is harmless error for the court to charge upon fornication.

APPEAL from the County Court of Scurry. Tried below before Hon. BRANCH ISBEL, County Judge.

Appellant was prosecuted for adultery with one Mary Caruthers, he being a married man. At his trial he was convicted, with the punishment assessed at a fine of $1000.

No statement of the case is necessary.

*Looney & Crockett* and *C. C. Johnson*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for adultery; fine $1000. Some of the acts of carnal knowledge occurring while defendant was a married man, and some after he had been divorced, a question arose as to whether he was guilty of habitual intercourse while married or after the divorce. The court below instructed on adultery and fornication. Appellant assigns this for error. The question: If under an indictment for adultery,

the carnal intercourse is established by proof of one act and that the parties lived together, or by proof of habitual intercourse, whether they lived together or not, the State should fail to prove the marriage as alleged, could the accused be legally convicted of fornication? We must answer this question in the affirmative. Why? Because every element of fornication is charged. This the test. But it does not follow that the accused upon a charge of fornication can be convicted of adultery. Why? The marriage is not alleged, and the punishment for adultery is greater; and where the punishment is greater or increased because of a certain fact, that fact must be alleged; and being alleged, the State must prove it. It would be an issue in the case, and the accused would have the right to be heard on such an issue, to contest by evidence the truth of the fact upon which his punishment is to be increased. Appellant being convicted on the charge of adultery, if error, the charge on fornication was harmless.

Does the evidence sustain the charge of adultery by habitual intercourse? We are of opinion that it does. Mary, the accomplice, is very strongly corroborated by the testimony of her mother. The venue is sufficiently shown.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.